[Civ. No. 2158. Fourth Appellate District.—May 19, 1938.]

J. R. LeCYR, Appellant, v. G. W. DOW, Respondent.

Fred W. Heath for Appellant.

Randall & Bartlett and Kenneth W. Kearney for Respondent.

460

BARNARD, P. J.—The respondent has moved to dismiss this appeal upon the ground that it was not taken within the time permitted by section 939 of the Code of Civil Procedure and that this court is, therefore, without jurisdiction to entertain said appeal. ▪ It appears without conflict that the judgment from which the appeal was taken was entered on June 11, 1937, that notice of a motion for a new trial was filed on July 9, 1937, that this motion was denied on September 1, 1937, and that notice of appeal was filed for the first time on November 3, 1937.

In opposition to the motion to dismiss, the appellant submits an affidavit setting forth that no memorandum of costs was filed in said action until on or about November 1, 1937, and that the last entry in the Register of Actions in the clerk's office pertaining to said case is as follows: ''Approx. Nov 1, 1937, Memorandum of Costs filed''. It is then alleged on information and belief that on or about November 1, 1937, counsel for the respondent caused the clerk of the superior court to extract from the file of another action a memorandum of costs which had theretofore been filed therein and to file the same in the files of this action.

It seems to be appellant's contention that the filing of this cost bill on or about November 1, 1937, in some way extended the time for filing an appeal from the judgment. Just how this result could obtain in the face of the plain provision of the statute setting forth the time within which an appeal may be taken is not explained. ▪ The appellant argues, however, that unless the time within which an appeal may be taken is extended under such circumstances he is deprived of his right of appeal from that part of the judgment representing the costs. The time within which an appeal may be taken is fixed by statute and no such exception as that contended for by the appellant is provided for therein. Neither is it true that the appellant had no remedy. If the respondent failed to comply with the statute in filing his memorandum of costs the appellant could have filed a motion to strike the cost bill or a motion to retax the costs, and if he was dissatisfied with the ruling made by the court upon such a motion he was entitled to have the order reviewed, as provided for by section 963 of the Code of Civil Procedure. (*Markart* v. *Zeimer,* 74 Cal. App. 152 ·[239 Pac. 856].) The rights of appellant could have been sufficiently

protected through one of the motions referred to or through an appeal.from an adverse order thereon made after final judgment.

Under the plain provisions of the statute the time for appeal expired more than thirty days before this attempted appeal was filed, and we are without jurisdiction to consider the same.

The motion is granted and the appeal is dismissed.

Marks, J., and Jennings, J., concurred.