[Civ. No. 17981. Second Dist., Div. Two. Dec. 8, 1950.]

ELSIE HARPKE, Appellant, v. THE LANKERSHIM ESTATE (a Corporation) et al., Respondents.

William S. Palmese and Jesse A. Levinson for Appellant.

Hulen C. Callaway and Tripp & Callaway for Respondents.

MOORE, P. J.—This appeal is from a judgment entered pursuant to the order made upon the sustaining of respondents' demurrer to appellant's complaint. The action is one in equity to set aside a judgment for costs and disbursements awarded respondents in a previous suit wherein plaintiff was nonsuited. The basis of the instant action is the allegation that respondents committed a fraud upon appellant in the former case by the declaration in the cost bill that $159.25 in costs and disbursements had been incurred be the respondents whereas in fact the latter's insurer had paid such expenses, as it alone had appeared to defend.

It is a doctrine of wide renown that equity will not set aside a judgment on the ground of fraud unless such fraud is of the extrinsic variety. (*Westphal* v. *Westphal*, 20 Cal.2d

393, 397 [126 P.2d 105] ; *Horton* v. *Horton*, 18 Cal.2d 579, 584 [116 P.2d 605].) Fraud of this nature is present only when some act of the successful party has served to deprive his adversary of the opportunity to present his case to the court. (*United States* v. *Throckmorton*, 98 U.S. 61, 66 [25 L.Ed. 93] ; *Westphal* v. *Westphal, supra*, p. 397.) Such fraud has not been alleged herein and it is doubtful that fraud of any kind existed.

The record herein discloses that prior to the commencement of this action appellant made a motion to strike such cost bill and that the motion was denied. No appeal was taken although such an order is appealable (Code Civ. Proc., § 963) as one made after final judgment. (See *LeCyr* v. *Dow*, 26 Cal. App.2d 459, 460 [79 P.2d 777] ; *Kellogg* v. *Honcutt Gold Mines Co., Ltd.*, 25 Cal.App.2d 109 [76 P.2d 551] ; *Markart* v. *Zeimer*, 74 Cal.App. 152, 155-6 [239 P. 856].) It is elemental that a court of equity will not grant relief where a party has not exhausted his legal remedies available in the action in which the judgment was rendered. (*Harris* v. *Harris*, 10 Cal.App.2d 734, 737 [52 P.2d 985, 54 P.2d 459] ; *Doran* v. *Sherman*, 18 Cal. App.2d 479, 480 [64 P.2d 442].)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.