[Civ. No. 31217. First Dist., Div. Two. Dec. 18, 1973.]

DOROTHY J. DeMELLO, Individually and as Administratrix
with the Will Annexed, etc., Plaintiff and Appellant, v.
ARTHUR SOUZA et al., Defendants and Respondents.

**COUNSEL**

Raymond H. Hawkins for Plaintiff and Appellant.

Brundage, Neyhart, Grodin & Beeson and Peter Loring Adomeit for Defendants and Respondents.

## OPINION

**KANE, J.**—In this case we are confronted with strongly competing considerations—one springing from basic equitable principles, the other from pragmatic, legal policies which are essential to the efficient procedural administration of justice.

For reasons which follow, we are persuaded that the latter must prevail, necessitating a reversal of the judgment correcting and confirming an arbitration award.

Appellant Dorothy DeMello is the administratrix of, and a claimant under, the will of William McMillan, deceased, who as a member of the Alameda County Electrical Workers' Pension Trust, was entitled to retirement and death benefits under said pension trust. After his death, a dispute arose between appellant and the pension trust respondents ("Respondents") over the entitlement to death benefits. Pursuant to the pension plan agreement, the controversy was submitted to an arbitrator appointed by the American Arbitration Association. The arbitrator heard the matter on November 24, 1969, and the arbitration award signed by him was transmitted to the parties on March 27, 1970. Although the record is undisputed that pursuant to the stipulation of the parties the death benefits due under the pension plan totaled $5,430 ($90.50 per month for a period of 60 months), the arbitrator mistakenly awarded appellant the sum of $7,950 ($132.50 per month for 60 months (paragraph 3 of the award)), and denied appellant's request for interest, administrative fees and expenses (paragraphs 4 and 5 of the award). While Respondents showed complete satisfaction with the award, appellant requested of the arbitrator that paragraphs 4 and 5 of the award be corrected, which request, however, was denied by inaction (Code Civ. Proc., § 1284).[1]

Appellant filed a petition for confirmation of the arbitration award on April 26, 1971. The petition and notice of hearing thereon were served on Respondents on May 3, 1971. A response to the petition was filed on June 17, 1971, in which Respondents claimed—for the first time—that the amount due had been erroneously determined and requested that the award be corrected in accordance with the stipulation of the parties. The trial court found for Respondents, corrected the arbitration award by reducing the sum payable thereunder to $5,430, and confirmed the award as corrected.

---

[1]Unless otherwise indicated, all references will be made to the California Code of Civil Procedure.

Appellant contends on appeal that the correction of the award was erroneous and the judgment confirming the corrected award cannot stand. We agree.

## Statute of Limitations

Under a well delineated statutory scheme the parties to an arbitration may seek correction of the award first by filing an application to the arbitrator within 10 days after the service of award (§ 1284[2]). As a second step, the parties may petition the court to confirm, correct or vacate the award (§ 1285). Vacation or correction of an award may also be requested from the court by way of a response filed to a petition to confirm the award. However, while a petition to confirm an award may be served and filed within four years, the petition to vacate or correct an award *must* be served and filed within 100 days after the service of the award on the petitioner (§ 1288; *Archuleta* v. *Grand Lodge etc. of Machinists* (1968) 262 Cal.App.2d 202 [68 Cal.Rptr. 694]). The same 100-day limitation applies when vacation or correction of the award is sought by response. Section 1288.2 provides in part that *"A response requesting that an award be vacated or* that an award be *corrected shall be served and filed not later than 100 days after the date of service* of a signed copy *of the award* upon: (a) The respondent if he was a party to the arbitration . . . ."* (Italics added.) To this latter rule there is only one exception. When the party petitions the court to confirm the award before the expiration of the 100-day period, respondent may seek vacation or correction of the award by way of response only if he serves and files his response within 10 days after the service of the petition (§ 1290.6). Unless the response is duly served and filed, under section 1290 the allegations of the petition are deemed to be admitted by respondent (*Coordinated Construction, Inc.* v. *Canoga Big "A," Inc.* (1965) 238 Cal.App.2d 313, 316-318 [47 Cal.Rptr. 749]).

When viewed in the light of the foregoing rules, the conclusion is inescapable that Respondents violated both the 100-day statute of limitation set forth in section 1288.2 and the 10-day statute of limitation con-

---

[2]Section 1284 provides in part that "The arbitrators, upon written application of a party to the arbitration, may correct the award . . . not later than 30 days after service of a signed copy of the award on the applicant.

"Application for such correction shall be made not later than 10 days after service of a signed copy of the award on the applicant. . . .

"The arbitrators shall either deny the application or correct the award. . . . If no denial of the application or correction of the award is served within the 30-day period provided in this section, the application for correction shall be deemed denied on the last day thereof."

tained in section 1290.6. Thus, the record reveals without equivocation that while the award was served on Respondents on March 27, 1970, their response seeking correction was not filed until June 17, 1971, almost a full year beyond the 100-day limitation. The record is equally clear that Respondents failed to comply with the 10-day limitation. Although the petition to confirm the award was served on them May 3, 1971, Respondents did not file their response until June 17, 1971.

Pursuant to section 1286.8, the court may not correct an arbitration award unless a response requesting that the award be corrected or vacated has been *duly served and filed*. Since Respondents failed to duly serve and file their response seeking correction under both sections 1288.2 and 1290.6, the trial court as a matter of law was barred from correcting the award in question.

Relying mainly on dictum in *Goossen* v. *Adair* (1960) 185 Cal.App.2d 810 [8 Cal.Rptr. 855], Respondents contend that the above mentioned statutes of limitation are not jurisdictional and as a consequence the trial court was empowered to disregard them in order to prevent fraud. We disagree.

Primarily, we point out that although the *Goossen* court concededly makes a broad, general statement that it would be overly artful to deprive a party to a legal proceeding of a hearing because, after his adversary has commenced such proceedings, his answer thereto is not filed within some statute of limitation (p. 822), it is obvious that this statement does not give blanket authority to grant relief from effective statutes of limitation. Quite to the contrary, such relief may be granted only under section 473 and/or pursuant to the inherent equitable power of the court, and only in strict compliance with the requirements outlined therein. Therefore, we examine whether relief from the statutes of limitation in question could be given under either section 473 and/or the equity power of the court.

■ (i) *The 100-day limitation:* Section 473 provides in relevant part that the court may, upon such terms as may be just, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief, however, must be made within a reasonable time, in no case exceeding six months after the judgment, order or proceeding. Since in the case at bench the application for the relief, if any, was made more than one year after the proceeding (rendition of the arbitration award), it is unquestionable that relief from the 100-day limitation could not be granted under section 473 as a matter of law.

Turning to the other potential basis, we emphasize that under well established law the court may grant relief under its inherent equitable power only if, due to the fraud of the opponent or by his own mistake, the aggrieved party was deprived of a fair adversary hearing and was prevented from presenting his claim or defense, or as the authorities put it, if the fraud or mistake was "extrinsic" (*Hammell* v. *Britton* (1941) 19 Cal.2d 72, 83 [119 P.2d 333]; *Harpke* v. *Lankershim Estate* (1950) 101 Cal.App.2d 49, 50 [224 P.2d 899]; 5 Witkin, Cal. Procedure (2d ed. 1971) §§ 183, 187, at pp. 3752, 3757). In the case at bench Respondents fully participated in the arbitration proceeding, were not prevented from presenting their case to the arbitrator, and the mistake was not occasioned by appellant but was the result of an oversight on the part of the arbitrator. Thus, it becomes crystal clear that the mistake here complained of was "intrinsic" rather than "extrinsic" and could not, therefore, constitute a valid basis for relief under this theory either.

Even assuming arguendo that, as a matter of legal policy, Respondents should be permitted to invoke the equitable power of the court in order to obviate a patently unjust result (cf. 5 Witkin, Cal. Procedure, *supra*, § 187), they still cannot prevail. It is blackletter law that an unjust judgment or order by itself is not enough to grant relief under equitable principles. In order to succeed, the aggrieved party in addition must show a satisfactory *excuse* for not having made his claim or defense in the original action *and diligence* in seeking relief after discovery of the facts (*Rudy* v. *Slotwinsky* (1925) 73 Cal.App. 459, 465 [238 P. 783]; *Harpke v. Lankershim Estate, supra;* Rest., Judgments, § 129; 5 Witkin, Cal. Procedure, *supra*, § 194 at p. 3765).

The record at hand is utterly devoid of showing the requisite excuse and diligence. It reveals with unusual clarity that not only did Respondents not seek any correction of the award from the arbitrator himself (§ 1284), but when such proceeding was brought by appellant they ardently contended that the decision of the arbitrator was "eminently correct." Despite the fact that the mistake was readily apparent and could have been discovered with due diligence, Respondents claim, and the trial court found, that the error was detected only on July 22, 1970. Even if we must accept this finding as true, there is no further explanation or showing why Respondents did not seek the proper remedy[3] at that time, namely a petition to the court to have the award vacated. Since, under section 1284, appel-

---

[3]Since, as appears below, the correction of the award here does not lie under the substantive law, the proper remedy for Respondents would have been to have the court vacate the award under section 1286.2.

lant's application for correction was deemed denied on April 26, 1970, on the date of the alleged discovery of the mistake—July 22, 1970—Respondents were still within the 100-day limitation prescribed for both correction and vacation of the award, and could have filed a timely petition for vacation. Respondents' failure to show due diligence after the discovery of mistake is, by itself, fatal and constitutes a bar to the granting of equitable relief.

■ (ii) *The 10-day limitation:* It is conceded that under section 473 the trial court may, in furtherance of justice, and on such terms as may be proper, allow a response to be filed after the statutory time limit has expired. However, it is firmly settled that showing due diligence is as much a prerequisite to granting relief under section 473 as it is under the inherent equitable power of the court. Since the record before us falls short of showing diligence or a reasonable excuse for failing to file a timely response, Respondents must be held unentitled to relief under section 473 as well.

### Substantive Law

■ But the correction of the arbitration award in question must be held erroneous also under substantive law. Section 1286.6 provides that "Subject to Section 1286.8, the court, unless it vacates the award pursuant to Section 1286.2, shall correct the award and confirm it as corrected if the court determines that:

"(a) There was *an evident miscalculation of figures or an evident mistake in the description of any* person, *thing or property referred to in the award;*

"(b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or

"(c) The award is imperfect in a matter of form, not affecting the merits of the controversy." (Italics added.)

Under the facts here presented, the only possible basis for correction of the award could have been subdivision (a) of the section. However, it is manifest that the award did not reveal on its face a miscalculation of figures and did not mistakenly describe a thing or property. The error claimed by Respondents and found by the trial court was not a mistake *in* the award, but rather a discrepancy between the award and the underlying stipulation. It is, of course, well settled that neither the merits of the controversy nor the sufficiency of the evidence to support the arbitrator's award are matters for judicial review (*Morris* v. *Zuckerman* (1968) 69

Cal.2d 686, 691 [72 Cal.Rptr. 880, 446 P.2d 1000]; *Frantz* v. *Inter-Insurance Exchange* (1964) 229 Cal.App.2d 269, 273 [40 Cal.Rptr. 218]), and where, as here, the arbitrator decided a point pursuant to a valid contract, the parties are bound by the award even if the decision of the arbitrator is wrong (*Durand* v. *Wilshire Ins. Co.* (1969) 270 Cal.App.2d 58, 63 [75 Cal.Rptr. 415]).

Respondents' contention that the stipulation of the parties is governing with regard to the rights of the parties is blatantly mistaken. ▉ It is elementary that once a valid arbitration award is made, it becomes the sole basis for the determination of the rights of the parties and the demands embraced in the submission are merged and extinguished in the award (5 Cal.Jur.2d, § 45, p. 125).

In view of our conclusion, the additional issues raised by appellant need not be decided.

The judgment is reversed with directions to the trial court to grant appellant's petition to confirm award of arbitrator, to amend the findings of fact and conclusions of law in accordance with the views expressed herein, and to enter judgment pursuant thereto.

Taylor, P. J., and Rouse, J., concurred.


Respondents' petition for a hearing by the Supreme Court was denied February 27, 1974.