Filed 12/30/14  Izhar v. The Permanente Federation CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MOHAMMED IZHAR, | |
| Plaintiff and Appellant, | E057903 |
| v. | (Super.Ct.No. SCVSS113530) |
| THE PERMANENTE FEDERATION et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez, Judge.  Affirmed.

Mohammed Izhar, in pro. per., for Plaintiff and Appellant.

Dykema Gossett, John L. Viola; Reed Smith, Deborah Broyles and Christine Kohler for Defendants and Respondents.

Plaintiff and appellant Dr. Mohammed Izhar (Izhar) brought claims against defendants and respondents Kaiser Foundation Health Plan (Kaiser) and Southern California Permanente Medical Group (SCPMG) for (1) religious discrimination;

1

(2) national origin discrimination; (3) a hostile work environment; and (4) intentional infliction of emotional distress. An arbitrator entered an award in favor of Kaiser and SCPMG (collectively "defendants"). The trial court granted defendants' petition to confirm the arbitration award. (Code Civ. Proc., § 1285.)[1] Subsequently, the trial court denied Izhar's (1) petition to vacate the arbitration award (§ 1286.2); and (2) motion to set aside the order (§ 663). The trial court entered judgment in favor of defendants.

Izhar contends the trial court erred by finding Izhar's opposition to defendants' petition to confirm the arbitration award was untimely. Next, Izhar asserts the trial court erred by denying his petition to vacate the arbitration award. Izhar contends this was error because: (1) the arbitrator was subject to disqualification due to a lack of neutrality and failure to comply with ethical standards; (2) state law, as opposed to the American Arbitration Association, controls arbitration procedures; (3) the arbitrator exceeded his authority; (4) the arbitrator engaged in improper ex parte communication; (5) the arbitrator was biased; and (6) the arbitrator improperly denied Izhar the opportunity to cross-examine a defense witness. Lastly, Izhar requests this court reconsider its ruling on his 2005 petition for writ of mandate. We affirm the judgment.

---

[1] All subsequent statutory references will be to the Code of Civil Procedure unless otherwise indicated.

**FACTUAL AND PROCEDURAL HISTORY**

A.     BACKGROUND FACTS

In 1989, Izhar became an employee of SCPMG, which is a medical group providing physician services at Kaiser Foundation Hospitals.[2]  In 1991, Izhar was elected to become a partner in SCPMG.  Izhar worked as a radiologist in Kaiser's Fontana medical center.  In 2003, Izhar stopped working at Kaiser, due to health issues, but remained a partner in SCPMG until 2006.

B.     PROCEDURAL HISTORY

Izhar filed his lawsuit in 2004.  Defendants moved to compel arbitration.  The trial court granted the motion.  In 2005, this court denied Izhar's petition for a writ of mandate directing the trial court to vacate its order compelling arbitration.

The arbitrator issued his award on March 28, 2012.  On May 17, defendants filed a petition to confirm the arbitration award, in the trial court.  Izhar filed opposition to the petition on June 4.  In the opposition, Izhar explained that he planned to file a petition to vacate the arbitration award.  Izhar filed a petition to vacate the arbitration award on June 15.  At the hearing on defendants' petition to confirm the arbitration award, on June 18, the trial court found Izhar's opposition to the petition was untimely because Izhar missed the 10-day filing deadline; Izhar filed on the 19th day.  The trial

---

[2]  From the record, it appears there are four separate legal entities:  (1) Kaiser Health Plan, which has patients/members; (2) Kaiser Foundation Hospitals, which operates Kaiser's medical facilities; and (3) SCPMG, which is "a general partnership for the practice of medicine," i.e., it is a group of doctors that work at Kaiser Foundation Hospitals.

court noted that the lack of timely opposition means "the allegations of the petition are deemed to be admitted." As a result, the trial court granted defendants' petition to confirm the award.

Another hearing was held on August 7. The hearing was scheduled to address Izhar's June 15 petition to vacate the arbitration award. The petition to vacate the award was not explicitly ruled upon at the June 18 hearing; rather, that hearing expressly addressed defendants' petition to confirm the award. The trial court reaffirmed the order granting defendants' petition to confirm the award, and denied Izhar's petition to vacate the award.

On August 24, Izhar filed a motion to set aside the order. (§ 663.) On November 15, the trial court held a hearing on the motion. The trial court listened to Izhar's arguments, and denied the motion.

**DISCUSSION**

A.      <u>UNTIMELY OPPOSITION</u>

1.      *CONTENTION*

Izhar contends the trial court erred by deeming untimely (a) his opposition to defendants' petition, and (b) his petition to vacate the arbitration award. Izhar asserts the trial court erred because (1) the law provides for a 100-day deadline, not a 10-day deadline; (2) a court can excuse a party from an arbitration related deadline if the party demonstrates the existence of a mistake or a satisfactory excuse; (3) a court, via equity, may relieve a party of a deadline if the party was deprived of a fair hearing due to

4

extrinsic fraud or mistake; and/or (4) defendants would not have been prejudiced by the trial court considering Izhar's filings.

## 2. *100-DAY DEADLINE*

The rules in this area of law, related to filing deadlines, are somewhat complex. In this paragraph, we present the prevailing rules, then go on to discuss the conflict in the statutes. A party may petition a trial court to confirm, correct, or vacate an arbitration award. (§ 1285.) A party may also seek to have the award corrected or vacated by filing an opposition to a petition to confirm an arbitration award. (§ 1285.2.) A petition to confirm an arbitration award must be filed within four years of the date the petitioner was served the arbitration award. (§ 1288.) A petition to vacate or correct an arbitration award must be filed within 100 days of the petitioner being served with the arbitration award. (§ 1288.) An opposition requesting an award be vacated or corrected must be served and filed within 100 days of the respondent being served with the arbitration award. (§ 1288.2, subd. (a).) However, the filing of a petition to confirm an arbitration award changes this timeline. "When one side files a petition to confirm the award, the other side must respond within 10 days"—even if the opposition seeks to vacate or confirm the award. (*Oaktree Capital Management, L.P. v. Bernard* (2010) 182 Cal.App.4th 60, 66 (*Oaktree*); § 1290.6.)

Thus, there are two statutes addressing responses/oppositions—a 100-day statute and a 10-day statute. Section 1290.6 reads, "A response shall be served and filed within 10 days after service of the petition . . . ." Section 1288.2, subdivision (a), provides, "A response requesting that an award be vacated or that an award be corrected shall be

5

served and filed not later than 100 days after the date of service of a signed copy of the award upon: [¶] (a) The respondent if he was a party to the arbitration."

For several decades, courts have interpreted these two statutes in the manner set forth *ante*—if a petition to confirm the arbitration award is filed, then any opposition (even one requesting the award be vacated) must be filed within 10 days. (*Oaktree*, *supra*, 182 Cal.App.4th at pp. 66-67; *DeMello v. Souza* (1973) 36 Cal.App.3d 79, 83 (*DeMello*); *Lovret v. Seyfarth* (1972) 22 Cal.App.3d 841, 856; *Coordinated Const., Inc. v. J.M. Arnoff Co.* (1965) 238 Cal.App.2d 313, 317-318.)

In *Oaktree*, the appellate court wrote, "[C]ommentators have expressed that the various deadlines [(100 day and 10 day)], overlapping as they are, create confusion and, in some scenarios, mischief. [Citation.] We believe the time may have come for our Supreme Court to provide definitive guidance on the time deadlines a party who seeks to vacate an arbitration award faces when the prevailing party in the arbitration has filed a petition to confirm the award." (*Oaktree*, *supra*, 182 Cal.App.4th at pp. 67-68.)

We agree with the conclusions that the statutory scheme is confusing, and could lead to mischief, which is why we believe it is important to follow the case law that has been in place for several decades, so that the case law remains consistent, despite the ambiguities of the statutes. (See *In re Myrtle Ave in City of San Diego* (1961) 188 Cal.App.2d 833, 837 [statutes should be interpreted in a manner that does not create mischief].) Accordingly, we follow the statutory interpretation that gives the 10-day rule priority over the 100-day rule, because that rule of priority has been created by consensus of the courts, although "that consensus emerges from decisions that

6

seemingly struggle with explaining why that [10-day] rule prevails." (*Oaktree*, *supra*, 182 Cal.App.4th at p. 67.)

In the instant case, defendants filed their petition to confirm the arbitration award before Izhar filed his petition to vacate and his response/opposition. Therefore, defendant was subject to a 10-day deadline, triggered by the filing of the petition to confirm the award. (§ 1290.6.) The petition to confirm was mailed to Izhar, from within California, on May 16. Since service was by U.S. mail within California, five calendar days are added, which would bring the date to May 21. (§ 1013, subd. (a).) Izhar had 10 days from May 21 to file his opposition, which would be June 5, due to the court holiday. Izhar filed his opposition to the petition on June 4, within the deadline.

Thus, the trial court erred when it found Izhar's opposition was untimely. The trial court forgot to include the five extra mailing days. The trial court said, "Here, the defendant[s] served their petition by mail on May 16, 2012. [Ten] days thereafter is May 29. The actual 10th day is a Saturday and the following Monday was a holiday. Here, plaintiff filed—served his response on June 4th, which is approximately 19 days after service of the petition."

Although the trial court erred in finding the opposition to be untimely, we conclude the error was harmless because the opposition had no substantive content. Izhar's opposition reflected only his plans to file a petition to vacate the award. Izhar cited the statutes upon which he would base his petition, but offered no explanation as to what reasons or evidence supported his reliance on those statutes; he merely cited statutes. Izhar explained that he had 100 days to petition the court to vacate the award,

7

and therefore the petition for confirmation of the award was moot and a "waste of this Court's time." Izhar filed his petition to vacate the arbitration award on June 15. The petition to vacate included Izhar's substantive arguments.

Izhar's petition to vacate was untimely and not the proper means of seeking to vacate the award. Since defendants had already filed a petition to confirm the award, Izhar needed to request the award be vacated in his opposition to defendants' petition. (§ 1285.2.) In sum, the opposition that was timely filed had no substantive content, and the petition to vacate that did have substantive content was untimely filed. Accordingly, although the trial court erred in finding the opposition to be untimely, we find the error to be harmless because a different result could not have occurred given the lack of substantive arguments and lack of a request to vacate in the timely filed opposition. (See *Henry v. Red Hill Evangelical Lutheran Church of Tustin* (2011) 201 Cal.App.4th 1041, 1048 [a civil state-law error will only be reversed if there is a reasonable probability a result more favorable to the appellant would have occurred absent the error].)

Defendants contend the error was harmless because the trial court heard Izhar's motion to set aside the confirmation order, under section 663. We do not find this argument to be persuasive because Izhar's motion to set aside an order, under section 663, related to the trial court's July 18th order confirming the arbitration award. Thus, at the section 663 hearing, the issue concerned the propriety of the trial court's order, not the arbitrator's award. The hearing addressed a different issue. Therefore, the fact that the trial court had a hearing on the motion to set aside the court's order (§ 663)

8

would not make harmless the error of finding untimely Izhar's opposition concerning the arbitration award, when the opposition was actually timely. Nevertheless, as explained *ante*, the error was harmless due to a lack of substantive argument and the lack of a request to vacate in the timely filed opposition.

### 3. *MISTAKE OR EXCUSE*

Izhar asserts the trial court should have excused Izhar from the 10-day deadline due to the existence of a mistake or a satisfactory excuse. "It is blackletter law that an unjust judgment or order by itself is not enough to grant relief under equitable principles. In order to succeed, the aggrieved party in addition must show a satisfactory excuse for not having made his claim or defense in the original action and diligence in seeking relief after discovery of the facts [citations]." (*DeMello*, *supra*, 36 Cal.App.3d at p. 85.)

In Izhar's briefs at this court, Izhar does not provide argument, so it is unclear from his briefs if he is asserting the arbitrator's award was unjust or the trial court's order was unjust. In other words, it is ambiguous as to whether Izhar believes equity should have been invoked because the arbitration award was unfair or the trial court's reliance on the 10-day deadline was unfair. However, either way, Izhar's briefs also do not reflect why he did not file a substantive opposition within the 10-day deadline.

At oral argument in this court, Izhar explained that he had not checked his U.S. mailbox, where the petition was sent. Therefore, he received the petition late. Izhar said he had been relying on documents being served via e-mailed, rather than only being sent via U.S. mail. Thus, Izhar is asserting his excuse is that he expected the petition

9

would have been e-mailed. Izhar did not cite to any document reflecting the parties agreed to serve one another via e-mail. Rather, it seems the parties may have e-mailed one another as a courtesy. Since there does not appear to be an agreement to serve one another via e-mail, the trial court could reasonably conclude Izhar's excuse was not satisfactory. (See *Aheroni v. Maxwell* (1988) 205 Cal.App.3d 284, 293-294 [applying the abuse of discretion standard].) As a result, equity would not apply. Moreover, as explained *ante*, the issue is not the timeliness of Izhar's filing, because it was timely. The issue is the lack of substantive content in his response to the petition. Izhar's e-mail excuse does not address why he failed to provide substantive content.

In Izhar's opening brief, he also mentions the "interplay between the time limitation of sections 1288.2 and 1290.6." To the extent Izhar is asserting he was confused by the two statutes, we find such an argument to be unpersuasive given that the 10-day deadline has applied to oppositions to petitions to confirm awards since the 1960s. (*Coordinated Const., Inc. v. J.M. Arnoff Co.*, *supra*, 238 Cal.App.2d at pp. 317-318.)

### 4. *EXTRINSIC FRAUD OR MISTAKE*

Izhar also cites a rule related to extrinsic fraud or mistake. We infer Izhar is asserting the trial court should have relieved him from the 10-day deadline due to extrinsic fraud or mistake. In *DeMello*, the court wrote, "[T]he court may grant relief under its inherent equitable power only if, due to the fraud of the opponent or by his own mistake, the aggrieved party was deprived of a fair adversary hearing and was

10

prevented from presenting his claim or defense, or as the authorities put it, if the fraud or mistake was 'extrinsic.' [Citations.]" (*DeMello*, *supra*, 36 Cal.App.3d at p. 85.)

Again, Izhar's briefs do not reflect what the extrinsic fraud or mistake may have been. However, at oral argument in this court, Izhar explained he expected to be served via e-mail, rather than solely via U.S. mail. Thus, the extrinsic fraud or mistake would be defendants' act of not e-mailing the petition to Izhar. Izhar has not provided a citation reflecting an agreement between the parties to serve one another via e-mail. Rather, it appears the parties e-mailed one another as a courtesy. Since there was no agreement to serve one another via e-mail, the trial court could reasonably conclude there was no fraud or extrinsic mistake because defendants had no obligation to e-mail Izhar. Additionally, this alleged fraud or mistake goes more toward trying to explain the timeliness aspect of the filing, but, as explained *ante*, the filing was timely. The problem with the response is that it lacks substantive arguments. The e-mail excuse, if it were accepted, does not explain why there is a lack of substantive content in the response.

### 5. *PREJUDICE*

Izhar asserts the trial court could have considered a late response if doing so would not have prejudiced the other party. Izhar fails to explain how defendants would not have been prejudiced. Izhar filed his substantive arguments, in his petition to vacate the award, on Friday, June 15. The petition to vacate was served via U.S. mail and e-mail. The hearing on defendants' petition to confirm the award took place on the morning of Monday, June 18. Thus, assuming defendants received the petition on

11

Friday or Saturday, they had only one or two days to consider Izhar's arguments and develop responses. Given this procedural history, Izhar would need to provide argument to explain how defendants would not have been prejudiced by his untimely filing. Since Izhar does not provide such argument, we find his reliance on the "prejudice" rule to be unpersuasive.

### B. PETITION TO VACATE

Izhar asserts the trial court erred by denying his petition to vacate the arbitration award because: (1) the arbitrator was subject to disqualification due to a lack of neutrality, and failure to comply with ethical standards; (2) state law, as opposed to the American Arbitration Association, controls arbitration procedures; (3) the arbitrator exceeded his authority; (4) the arbitrator engaged in improper ex parte communication; (5) the arbitrator was biased; and (6) the arbitrator improperly denied Izhar the opportunity to cross-examine a defense witness.

As set forth *ante*, Izhar's response/opposition to defendants' petition to confirm the award did not contain any substantive arguments. Rather, it reflected Izhar's intent to file a petition to vacate the arbitration award. If Izhar wanted the trial court to vacate the arbitration award, then he needed to make the request in his opposition to defendants' petition to confirm the award. (§ 1285.2; see also *Leadford v. Leadford* (1992) 6 Cal.App.4th 571, 574 ["A trial court has no discretion to allow [a] second action to proceed if it finds the first involves substantially the same controversy between the same parties"].) In other words, Izhar's substantive arguments concerning a request

12

to vacate the arbitration award should have been presented in his opposition, rather than in a petition to vacate.

Also, as explained *ante*, Izhar's petition to vacate was untimely. Therefore, we cannot treat his petition to vacate as though it were his opposition. Moreover, the trial court denied Izhar's petition to vacate due to the petition being untimely filed and the petition to confirm already being granted (see *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 361-362 [describing collateral estoppel]). Thus, the trial court did not pass judgment on the substantive arguments in Izhar's petition to vacate. As a result, the arguments Izhar presents related to the petition to vacate are being raised for the first time on appeal. (*Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1406 ["'As a general rule, failure to raise a point in the trial court constitutes . . . waiver and appellant is estopped to raise that objection on appeal.'"].)

We cannot consider arguments concerning how the arbitration award was allegedly unjust for the first time on appeal. We conclude Izhar forfeited his arguments concerning how the arbitration award was unjust, in relation to the petition to vacate, by failing to raise the arguments in the trial court, i.e., failing to include the argument in his timely filed opposition to the petition to confirm. (*Mundy v. Lenc*, *supra*, 203 Cal.App.4th at p. 1406.)

We are unable to address the merits of Izhar's contentions due to his forfeiture. For example, on appeal, Izhar asserts the arbitrator was subject to disqualification due to (1) a lack of neutrality, and (2) a failure to comply with ethical standards. In defendants' respondents' brief, they assert Izhar's disqualification argument is "but

another example of Dr. Izhar's twisting the facts to introduce irrelevant arguments." When facts are disputed, we must accept the trial court's resolution of those disputed facts when supported by substantial evidence. (*United Health Centers of San Joaquin Valley, Inc. v. Superior Court* (2014) 229 Cal.App.4th 63, 74.) Here, we do not have the trial court's resolution of the factual disputes, due to Izhar's forfeiture, so we cannot perform the review Izhar seeks. In sum, we do not address Izhar's arguments related to the trial court's alleged error in denying his petition to vacate the arbitration award because the arguments have been forfeited.

C.    PETITION FOR WRIT OF MANDATE

1.    *CONTENTION*

Izhar requests this court reconsider its summary denial of Izhar's 2005 petition for writ of mandate.[3]  In 2005, Izhar petitioned this court for a writ of mandate directing the trial court to vacate its order compelling Izhar to participate in arbitration. Izhar asserts he should not have been compelled to participate in arbitration because (1) his partnership contract with SCPMG is a contract of adhesion, and (2) he did not consent to be bound by an arbitration clause.

---

[3] A summary denial of a writ petition does not preclude later review of the same issue. (*Kowis v. Howard* (1992) 3 Cal.4th 888, 900.)

14

2.    *CONSENT*

We examine the consent issue.  "The right to arbitration depends on a contract. [Citations.]  Accordingly, a party can be compelled to submit a dispute to arbitration only where he has agreed in writing to do so.  [Citation.]"  (*Boys Club of San Fernando Valley, Inc. v. Fidelity & Deposit Co.* (1992) 6 Cal.App.4th 1266, 1271.)

In Izhar's declaration, which was submitted as an exhibit with his writ petition, Izhar declared he was "voted on as a partner physician of SCPMG," and afterward his title changed; we presume it changed to "partner."  Izhar also declared he does "not recall ever signing any partnership agreements with FMC or SCPMG."  In Izhar's appellant's opening brief, he asserts he was "provided with a form asking for a response to the question 'Would you like to become a partner?' followed by [two] box[es] labeled yes [and] no."  Izhar does not indicate if he marked a box.  However, the SCPMG "Rules and Regulations" reflect that in order for a doctor to become a partner, the doctor must "submit[]a written letter of acceptance," after being voted into the partnership by the board of directors.  Thus, one can infer Izhar sent an acceptance letter and/or marked a box accepting the partnership offer.

The problem we encounter is the acceptance letter and/or "box form" does not appear to be included in the record on appeal or in Izhar's request for judicial notice. On our own motion, we took judicial notice of the record in Izhar's 2005 writ petition,

15

but the letter and/or "box form" does not appear to be included in that record either.[4]

Without the acceptance letter or form, it is unclear to what terms Izhar may or may not have agreed.

The writ petition exhibits include SCPMG's "Rules and Regulations," which includes an arbitration clause. It appears from the arguments that this is the arbitration clause Izhar is disputing. Thus, we have been given an arbitration clause in the "Rules and Regulations" without any context. In order to determine if Izhar consented to an arbitration clause, we need all the relevant documents, i.e. the letter and/or form in which Izhar agreed to be a SCPMG partner. (Civ. Code, § 1549 ["A contract is an agreement to do or not to do a certain thing"].) Without the documents, we cannot determine to what terms Izhar did or did not agree. For example, it is possible the "box form" called attention to the arbitration clause in the Rules and Regulations and incorporated the Rules and Regulations by reference. The point being, we cannot know if Izhar did or did not agree to the arbitration clause since we are lacking the document reflecting Izhar's agreement.

---

[4] We have examined the table of contents or indexes of the three sources, as opposed to combing through the sources, since combined the sources total over 2,000 pages. We looked at (1) the Table of Exhibits in the writ petition (the exhibits total 442 pages); (2) the list of documents in Izhar's request for judicial notice (the request includes 15 multi-page documents); and (3) the Master Index for the Clerk's Transcript on Appeal (the transcript is 1,698 pages). Within the writ exhibits, we examined the attachments to (a) defendants' motion to compel arbitration, and (b) Izhar's opposition to the motion to compel arbitration, specifically looking for an acceptance letter or "box form," but did not locate either.

Due to the seemingly inadequate record and lack of record citations to the letter and/or form in Izhar's appellant's opening brief and appellant's reply brief, we deem this issue to be forfeited.[5]  (Cal. Rules of Court, rule 8.204(a)(1)(C) [record citations]; *Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060 ["the reviewing court presumes the judgment of the trial court is correct and indulges all presumptions to support a judgment on matters as to which the record is silent"]; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 [a lack of record citations in an appellant's brief forfeits the issue for appeal].)

3.     *CONTRACT OF ADHESION*

We now examine the contract of adhesion issue.  A contract of adhesion is a standardized contract drafted by a party with superior bargaining strength that involves the weaker party being unable to negotiate the terms of the contract and being subject to unconscionable clauses.  (*Madden v Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 710-711.)  "[C]ourts will not enforce provisions in adhesion contracts which limit the duties or liability of the stronger party unless such provisions are 'conspicuous, plain and clear' [citation] and will not operate to defeat the reasonable expectations of the parties [citation]."  (*Id.* at p. 710.)

---

[5]  In Izhar's appellant's reply brief, he cites a rule concerning the burden of proof in the trial court.  The rule reflects that, in the trial court, the party seeking to compel arbitration bears the burden of establishing a valid agreement to arbitrate.  To the extent Izhar is asserting this same rule applies at the appellate level, he is incorrect.  "An appellate court '"must *presume* that the record contains evidence to support every finding of fact . . . ."'  [Citations.]  It is the appellant's burden, not the court's, to identify and establish deficiencies in the [record]."  (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409.)

As explained *ante*, the record appears to be inadequate and Izhar's briefing of the issue lacks record citations to a contract—Izhar cites to the "Rules and Regulations," but not to an acceptance letter or "box form." We cannot determine whether there is a contract of adhesion because we do not have the document upon which Izhar agreed to be a partner. (Civ. Code, § 1549 ["A contract is an agreement to do or not to do a certain thing"].) It appears from his briefing that Izhar takes issue with the arbitration clause in the "Rules and Regulations." However, Izhar fails to explain how or why the "Rules and Regulations" are a contract. He argues the grievance procedure is unconscionable, but does not establish that there is a contract. We are required to guess how the agreement was created, while keeping in mind that Izhar claims to have never signed an agreement.

In sum, the record and Izhar's briefing have left us in quandary. Izhar asserts there is no arbitration agreement, but there is a contract of adhesion involving an arbitration clause; and fails to identify the agreement portion of the contract for the court. We cannot reconcile Izhar's conflicting assertions, and cannot use inference to decipher his argument because it appears the record is missing critical documents, as discussed *ante*. Therefore, due to the lack of record citations, lack of specific argument, and seemingly inadequate record, we deem the issue to be forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(C) [record citations]; *Baker v. Children's Hospital Medical Center*, *supra*, 209 Cal.App.3d at p. 1060 ["the reviewing court presumes the judgment of the trial court is correct and indulges all presumptions to support a judgment on matters as to which the record is silent"]; *City of Lincoln v. Barringer*, *supra*, 102

18

Cal.App.4th at p. 1239 [a lack of record citations in an appellant's brief, forfeits the issue for appeal].)[6]

**DISPOSITION**

The judgment is affirmed.  Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

RAMIREZ

P. J.

HOLLENHORST

J.

---

[6] Izhar requests this court take judicial notice of 15 different documents.  The documents appear to be (1) filings that were made in the arbitration proceedings, (2) a reporter's transcript from the arbitration proceedings, (3) letters related to the arbitration proceedings, and (4) a 2008 complaint for damages drafted by Izhar. The documents do not bear stamps from the trial court reflecting they were filed or received at the court. Izhar asserts this court should take judicial notice of the documents because they are court records.  (Evid. Code, § 452, subds. (c)&(d).) Izhar does not explain how documents that lack court filing stamps are court records.  Since the documents do not appear to be court records (due to the lack of filing stamps), we deny Izhar's request for judicial notice.