[Civ. No. 29241. Second Dist., Div. One. Nov. 22, 1965.]

COORDINATED CONSTRUCTION, INC., Plaintiff and Respondent, v. CANOGA BIG "A," INC., Defendant and Appellant.

Sanford S. Arnoff for Defendant and Appellant.

McDaniel & McDaniel and Donald McDaniel for Plaintiff and Respondent.

FOURT, J.—On August 15, 1960, Coordinated Construction, Inc., (sometimes hereinafter referred to as Coordinated) and J. M. Arnoff Co., (sometimes hereinafter referred to as Arnoff) which since has changed its name to Canoga Big "A", Inc., (sometimes hereinafter referred to as Canoga) entered into a written contract for the construction of a discount department store building. The written contract contained a provision for the submission to arbitration of all disputes, claims or questions arising under the contract. During the course of the construction, certain disputes arose between the parties and they were submitted to an arbitrator. Hearings were held before the arbitrator and on June 23, 1964, a written award of the arbitrator was rendered which found that Coordinated was entitled to recover $83,195.94 from the J. M. Arnoff Company. The award also provided for payment of the arbitrator's fee by the parties in equal amounts. The award was served upon the parties on June 24, 1964.

On July 8, 1964, Coordinated filed a petition which requested the court to confirm the award of arbitrator; for the entry of a judgment and for attorney's fees. On July 10, 1964, the petitioner served upon Arnoff a notice of the hearing on the above petition. The hearing date was August 4, 1964.

On July 30, 1964, Arnoff filed a response to the petition to confirm the award. A hearing on said petition was held and the court entered its order confirming the award of the arbitrator. The order set forth that the response to the petition was not "duly and timely filed or served, . . . and no cause having been shown why this Court should dismiss said petition or correct or vacate said award. . . ." The award was confirmed.

On August 14, 1964, a notice of motion to set the order aside was filed by Arnoff, together with an affidavit in support of said motion. The motion was made pursuant to section 473

of the Code of Civil Procedure. A proposed first amended response requesting that the award be vacated was attached to the notice of motion. After a hearing, the motion was denied and the court entered its written order confirming the award of the arbitrator, findings of fact and conclusions of law, and a judgment in favor of the petitioner. The appellant's notice of appeal is directed to the order and judgment confirming the award of arbitration and from the order denying the motion to set aside the order and to permit appellant to file an amended response.

It is appellant's contention that the court erred in ruling that the response "was not duly and timely filed or served." All references to sections are to the Code of Civil Procedure unless otherwise stated. Section 1290.6 states in part that a response to a petition to confirm an award ". . . shall be served and filed within 10 days after service of the petition. . . ." Section 1288.2 provides in part that "A response requesting that an award be vacated or that an award be corrected shall be served and filed not later than 100 days after the date of service of a signed copy of the award. . . ." There is no doubt that the response in question was filed beyond the 10-day limitation stated in section 1290.6 but within the 100-day limitation of section 1288.2. Appellant contends that the 100-day limitation controls and that the response was duly served and filed.

It is necessary to look to other provisions in the act to determine whether the response was properly served and filed. ■ The act provides that "Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." (§ 1285.) "A response to a petition . . . may request the court to dismiss the petition or to confirm, correct or vacate the award." (§ 1285.2.) Thus, a party to the arbitration may seek to correct or vacate the award by petition or by response to a petition. ■ However, to have the award vacated or corrected by petition, the proceeding must be instituted not later than 100 days after service of the signed copy of the award (§ 1288), or, if the defense is to be raised by way of response the same 100-day limitation applies (§ 1288.2.) ■ A problem is presented when a petition to confirm is filed, for the act also provides that the allegations of a petition are "admitted by a respondent duly served . . . unless a response is duly served and filed." (§ 1290.) The act also provides "A response shall be served

and filed within 10 days after service of the petition. . . .''
·(§ 1290.6.) Thus, section 1290.6 limits the 100-day provision
found in section 1288.2. To hold otherwise would be contrary
to section 1290.2 which states ''A petition under this title shall
be heard in a summary way . . .'' and section 1291.2 which
states that proceedings under this act shall be given prefer-
ence ''. . . in the matter of setting the same for hearing and in
hearing the same to the end that all such proceedings shall be
quickly heard and determined.''

The Recommendation of the California Law Revision Com-
mission Relating to Arbitration (3 Cal. Law Revision Com. G-9
(1961)) is in accord with this view for it stated:

''The arbitration statute should require the presentation of
all issues relating to the validity of an award to the court
*at the same time* by providing that whenever a petition relat-
ing to an award is filed the court must confirm the award as
made unless it corrects and confirms the award, vacates the
award or dismisses the proceeding. When a court entertains
any proceeding relating to an award, it should *finally settle
the status of the award* so that it will be unnecessary for the
parties to return to the court at a later time for another deter-
mination of the status of the award.'' (Italics added.)

This comment indicates that the proper interpretation of
section 1288.2 is that the 100-day limit applies only when the
other party to the arbitration does not file a petition to confirm
the award. When such petition is filed a response must be
filed within the time limit set forth in section 1290.6.

9 U.C.L.A. Law Review 422 contains a comment entitled
''*Some Problems Relating to Enforcement of Arbitration
Awards Under the New California Arbitration Act.*'' The
author states:

''When service of the petition upon the respondent has been
effected within the state, the response must be served and filed
within ten days thereafter, unless the parties to the court
proceedings have, in writing, provided otherwise. The court
is empowered to extend this time for 'good cause.' . . . How-
ever, if the response requests correction or vacation of the
award, section 1288.2 provides that it must be served and filed
within one-hundred days after the service of the award upon
the respondent, if he was a party to the arbitration, . . . Osten-
sibly there is a conflict between the first mentioned section—
requiring a response within ten days of service of the peti-

tion—and section 1288.22 [*sic*], which limits certain responses to one-hundred days after service of the award. Notice, however, that the one-hundred-day limitation applies only where the response requests corrrection or vacation and that the ten-day limitation would appear to apply generally to all responses. Since a petition to vacate or correct an award has a one-hundred day limitation, it would seem that the design was that all proceedings to correct or vacate an award should be brought within one-hundred days after service of the award. Since one may petition for confirmation within four years from service of the award, the logical result of the apparent conflict of sections would be that one could wait one hundred and one days after service of the award, petition for confirmation and thereby limit the respondent to requesting something other than vacation or correction—e.g., dismissal of the petition as to him. Should he fail to respond he would thereby admit the allegations of the petition and suffer a default. If this be the proper interpretation of these sections, then the statutory pattern is consistent in that if one wishes to have an award vacated or corrected he must act within one-hundred days of service of the award or be precluded from attacking the award.'' (Pp. 434-435.)

▮ The response of the appellant was not duly served or filed and the allegations of respondent's petition to confirm the award were deemed to be admitted. ▮ There is no merit to appellant's contention that section 1288.2 is a specific statute and governs over section 1290.6. To interpret the statute in that manner would be contrary to Code of Civil Procedure, section 1858, which in part states: ''. . . where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.'' The construction we have adopted gives effect to the entire legislative intent expressed by the act, that is, to determine the validity of the award quickly and in one proceeding.

▮ Appellant has assigned also as error the abuse of the trial court's discretion in the denial of appellant's motion to set aside the order confirming the award and to permit the appellant to file an amended response. The basis of the motion under Code of Civil Procedure, section 473, was appellant's attorney's mistake, inadvertence, surprise or excusable neglect. The alleged inadvertence and excusable neglect was the failure to consider section 1290.6 because it was the attorney's opinion that section 1288.2 controlled the situation. Appellant also

alleged that the order confirming the award was made without opportunity to be heard on the merits of the grounds for vacating the award.

 "The lower court has discretionary power to decide the issue growing out of a motion for relief under the remedial provisions of section 473, Code of Civil Procedure, and its exercise thereof will not be disturbed by an appellate tribunal unless there is a clear showing of abuse [citations].

" . . . . . . . . . . . . . . . .

"In the trial court the parties presented various affidavits in support of, and in opposition to, the motion to set aside the default. While it is clear that on the motion the trial court cannot go into the merits of the proposed defense to the main case and is limited to the inquiry whether the affidavit of merits contains a statement of fact sufficient to constitute a meritorious defense (*Brill* v. *Fox*, 211 Cal. 739, 742 [297 P. 25]), as to the affidavits relating to proof of excuse and diligence, the rule for resolving conflicts is the same as that governing oral testimony and it is for the court below to determine the credibility of those executing the affidavits and the weight of the evidence so adduced (*Sheehan* v. *Osborn,* 138 Cal. 512 [71 P. 622]). With the lower court's determination of these matters an appellate court will not interfere (*Estate of McCarthy,* 23 Cal.App.2d 398 [73 P.2d 914])." (*Fidelity Federal Sav. & Loan Assn.* v. *Long,* 175 Cal.App.2d 149, 152-153 [345 P.2d 568].)

"The issue of which mistakes of law constitute excusable neglect presents a fact question; the determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law." (*A & S Air Conditioning* v. *John J. Moore Co.,* 184 Cal.App.2d 617, 620 [7 Cal.Rptr. 592].)

 The basis for the alleged mistake of law was stated to be due to the attorney's lack of experience in matters relating to confirmation or vacating of an arbitration award; that he did not consider the 10-day limitation of section 1290.6 because he, in good faith, believed section 1288.6 answered the question as to the time for filing a response. An affidavit was filed in opposition to the motion which, together with the written order confirming the award, indicates appellant had an opportunity to present argument regarding why the award was improper. The court fully considered appellant's motion and denied relief. We cannot say such denial constituted an

abuse of the trial court's discretion. As has been stated, "Ignorance of the law, at least where coupled with negligence in failing to look it up, will not justify a trial court in granting relief [citations], and such facts will certainly sustain a finding denying relief. [Citations.]" (*Security Truck Line* v. *City of Monterey,* 117 Cal.App.2d 441, 445 [256 P.2d 366, 257 P.2d 755].) Appellant's attorney admitted he was ignorant of the law and apparently he was negligent in researching it as he failed to consider the applicable section. Such being the case, the trial court correctly refused to grant the motion.

The construction contract entered into between the parties provided that "In the event of any Court action to enforce the provisions of this Article or any other provisions of this Contract, the unsuccessful party to such litigation or proceedings, or the one to whom any order or direction of the Court is directed, agrees to pay the successful party a reasonable attorney's fee, to be fixed by the Court." Respondent has requested that this court award respondent reasonable attorney's fees in the amount of $1,500 which is the amount that respondent has incurred. Since this court has authority to set reasonable attorney's fees (see *Cirimele* v. *Shinazy,* 134 Cal.App.2d 50, 52 [285 P.2d 311, 52 A.L.R.2d 860]) for the appeal, we find the sum of $1,500 to be a reasonable sum to be allowed for attorney's fees on this appeal.

The judgment and orders are affirmed and the appellant is ordered to pay to respondent attorney's fees in this appeal in the amount of $1,500.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied December 17, 1965.