[Civ. No. 44596. Second Dist., Div. Two. May 19, 1975.]

JAMES H. DAVIS, Plaintiff and Respondent, v.
MARTIN C. CALAWAY, Defendant and Appellant.

COUNSEL

Sandy Sapin and John Paul Shaby for Defendant and Appellant.

Al Schallau for Plaintiff and Respondent.

## OPINION

**FLEMING, J.**—Attorneys James Davis and Martin Calaway agreed to arbitrate a dispute over division of a $75,000 legal fee from a case in which both had provided services. The arbitrator found Davis was entitled to half the fee plus interest and costs. The superior court confirmed the arbitration award and entered judgment on the award for Davis. Calaway appeals the judgment.

The appeal is totally unmeritorious. First, a specific finding by the trial court contradicts Calaway's assertion that the arbitrator failed to properly serve him with the arbitration award. The letter of transmittal of the award by the arbitration association to Calaway provided prima facie proof of service.[1] Calaway offered no evidence on this or any other

---

[1] Code of Civil Procedure section 1283.6: "The neutral arbitrator shall serve a signed

issue in the trial court. In an arbitration proceeding special arbitration rules control the method of service.

■ Second, Calaway did not timely challenge the arbitration award in the superior court. Copies of the arbitration award were transmitted to the parties on 11 December 1972. Davis filed his petition for confirmation of the award on 9 May 1973. Calaway responded on 17 May 1973 with his objections to the award. Code of Civil Procedure section 1288.2 provides that "a response requesting that an award be vacated or that an award be corrected shall be served and filed not later than 100 days after the date of service of a signed copy of the award . . . ." Calaway filed his response two months past the 100-day limitation of section 1288.2. *(Coordinated Construction, Inc.* v. *Canoga Big "A," Inc.,* 238 Cal.App.2d 313, 316 [47 Cal.Rptr. 749].)

Third, Calaway sought no relief in the trial court from his default on the 100-day limitation of section 1288.2, and he offers no excuse on this appeal which would justify his failure to comply with the mandate of that section. (See *DeMello* v. *Souza,* 36 Cal.App.3d 79, 84-86 [111 Cal.Rptr. 274].) The pattern of the arbitration statute is clear: a discontented party to an arbitration proceeding must file objections to the award, either by his own petition to vacate or correct or by response to a petition to confirm, within 100 days of service of the award. (See *Some Problems Relating to Enforcement of Arbitration Awards Under the New California Arbitration Act,* 9 U.C.L.A. L.Rev. 422, 435; *Coordinated Construction, Inc.* v. *Canoga Big "A," Inc., supra,* 238 Cal.App.2d 313, 318.) A request to dismiss the proceeding (see Code Civ. Proc., §§ 1285.2 and 1287.2) may not be used in unjustified circumvention of the prescribed time limit on a request to vacate or correct an award.

Finally, Calaway's contentions regarding the substance of the arbitrator's award are beyond the scope of judicial review. ■ A court has no power to review the sufficiency of the evidence or the application of the law in an arbitration proceeding. *(Shammas* v. *National Telefilm Associates,* 11 Cal.App.3d 1050, 1056 [90 Cal.Rptr. 119]; *Lauria* v. *Soriano,* 180 Cal.App.2d 163, 168 [4 Cal.Rptr. 328].) Accordingly, we find it unnecessary to consider the transcript of the arbitration proceedings as requested by Calaway.

copy of the award on each party to the arbitration personally or by registered or certified mail or as provided in the agreement."

The rules of the American Arbitration Association, pursuant to which arbitration was conducted, provide for service by mail addressed to the party or his attorney of a true copy of the award.

We have concluded that this appeal is frivolous and, additionally, that it has been taken solely for the purpose of delay. We, therefore, impose on appellant Calaway damages of $1,000 in favor of respondent David to be added to the costs on appeal. (Code Civ. Proc., § 907, Rules on Appeal, rule 26(a).)

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.