Filed 6/25/15  Glidden v. NanoSmart Pharmaceuticals CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PAUL F. GLIDDEN, | |
| Plaintiff and Respondent, | G050165 |
| v. | (Super. Ct. No. 30-2013-00652467) |
| NANOSMART PHARMACEUTICALS, INC., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Franz E. Miller, Judge.  Affirmed.  Motion to strike.  Granted.

The Perry Law Firm, Michael R. Perry, Larry M. Roberts and Michelle A. Hoskinson for Defendant and Appellant.

Caldarelli Hejmanowski & Page, David H. Lichtenstein; Calderelli Hejmanowski Page & Leer and Marisa Janine-Page for Plaintiff and Respondent.

\*          \*          \*

## INTRODUCTION

Defendant NanoSmart Pharmaceuticals, Inc. (NanoSmart), appeals from the judgment entered after the trial court granted plaintiff Paul F. Glidden's petition to confirm the arbitration award (the petition to confirm). The arbitration concerned Glidden's and NanoSmart's employment- and intellectual property-related claims against each other. NanoSmart opposed the petition to confirm on the grounds the petition was prematurely filed and was filed in the wrong trial court. NanoSmart argued that Glidden should have filed his petition in a new superior court action instead of filing it in the same case in which the prearbitration motions had been filed and resolved. In addition to arguments asserted in its opposition to the petition to confirm, in this appeal, NanoSmart raises substantive challenges to the arbitration award itself.

We affirm. The petition to confirm was timely filed 12 days after service of the arbitration award, in compliance with Code of Civil Procedure sections 1288 and 1288.4. (All further statutory references are to the Code of Civil Procedure unless otherwise specified.) NanoSmart argues that its request to modify the award submitted to the arbitrator altered the statutory timeframe. The arbitrator denied NanoSmart's purported request to modify the award, not on its merits, but on the ground it did not constitute a request to modify the award within the meaning of rule R-46 of the governing Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association (AAA). Hence, NanoSmart's submission did not alter the requisite statutory timeframe. Even if the petition to confirm had been granted prematurely, NanoSmart has failed to explain how it was prejudiced; it never sought a continuance of the hearing on the petition to confirm or the opportunity to file a petition to modify or vacate the arbitration award in this action, or to present a more substantive opposition to the petition to confirm.

2

Pursuant to section 1292.6, the petition to confirm was properly filed in the same superior court case in which Glidden had filed his prearbitration motions, including a motion to compel arbitration regarding his claims against individual defendants. NanoSmart has not cited any legal authority showing otherwise.

In its appellate briefs, NanoSmart argues the arbitrator made legal errors and exceeded his authority in rendering the award. NanoSmart did not raise any substantive challenges to the arbitrator's award to the trial court in this case. Consequently, none of those challenges is before this court in this appeal. We note that after Glidden filed the petition to confirm, and shortly after NanoSmart filed its opposition to the petition to confirm in this case, NanoSmart initiated a new lawsuit (*NanoSmart Pharmaceuticals, Inc. v. Glidden* (Super. Ct. Orange County, No. 30-2014-00712127)) (the 2014 action), in which it filed a petition to vacate the arbitration award. NanoSmart's petition to vacate the arbitration award in the 2014 action was based on several substantive challenges to the award itself. The trial court has not ruled on the petition to vacate filed in the 2014 action, but instead has stayed the proceedings in that case pending resolution of the appeal in this case. The instant action and the 2014 action have not been consolidated. Hence, no ruling on the 2014 action by a trial court is before us in this appeal.

## BACKGROUND

### I.

#### GLIDDEN INITIATES ARBITRATION THROUGH THE AAA PURSUANT TO THE ARBITRATION PROVISION CONTAINED IN HIS EMPLOYMENT AGREEMENT.

In March 2013, Glidden served a demand for arbitration and submitted a complaint to the AAA, naming, as defendants, NanoSmart, Target Pharmaceuticals, Inc., James R. Smith, Henry J. Smith, Daniel Thiel, and Sarath Kanekal. The complaint alleged that in November 2011, Glidden was hired by NanoSmart to perform

3

pharmaceutical-related research and development and that he "imagined, created, developed, and invented methods and formulations of nanoparticle-sized emulsion delivery systems, including more than 60 methods and formulations of such systems, and performed other research and development."

The complaint further alleged that in January 2012, Glidden entered into an employment agreement with NanoSmart, which NanoSmart later breached. That employment agreement included a binding arbitration provision, stating: "Any dispute arising under this Agreement will be resolved in the United States by arbitration pursuant to the American Arbitration Association and will be governed by the laws of the State of California. Any dispute under this Agreement shall be settled by arbitration in Orange County, State of California, pursuant to the Commercial Rules, then existing, of the American Arbitration Association. The decision of the arbitrator shall be final and binding on the parties as to issue of fact, but either party may appeal all issues of law to an appropriate court of law."

The complaint asserted NanoSmart also engaged in unfair competition and violated Labor Code sections 201, 203, 204, 206, 208, 226, 227, 227.3, and 1174. The complaint stated that the named defendants breached the implied covenant of good faith and fair dealing, and engaged in fraud and deceit. Glidden sought recovery of damages, penalties, equitable relief, and declaratory relief.

In April 2013, the named defendants filed an answering statement and counterclaim consisting of claims for breach of contract, fraud, misappropriation, and injunctive relief against Glidden. The individual defendants filed an objection to the AAA's jurisdiction because they were not signatories to the arbitration agreement between Glidden and NanoSmart. The arbitrator overruled the objection without prejudice.

4

## II.

GLIDDEN INITIATES THIS ACTION IN THE TRIAL COURT BY FILING A
PETITION FOR A PRELIMINARY INJUNCTION AND LATER FILES A
MOTION TO COMPEL INDIVIDUAL DEFENDANTS TO ARBITRATE.

In May 2013, Glidden initiated this case in the trial court by filing a petition for a preliminary injunction. In November 2013, Glidden filed a motion to compel the individually named defendants[1] to arbitrate Glidden's claims against them. The trial court in this case denied Glidden's motion to compel on procedural and substantive grounds. Neither the ruling on the petition for a preliminary injunction nor the ruling on the motion to compel is before us.

## III.

THE ARBITRATION AWARD; GLIDDEN FILES THE PETITION TO CONFIRM IN THIS ACTION.

The arbitration of Glidden's and NanoSmart's claims was held on November 6, 7, and 12, 2013. The arbitrator's decision, dated January 21, 2014, was served on the parties via e-mail on January 22, 2014. The arbitrator found there was no legal or factual basis for retaining jurisdiction over the individually named defendants; they were therefore dismissed from the arbitration without prejudice to Glidden's right to pursue any claims he might have against them in another forum.

The arbitrator found that Glidden and NanoSmart entered into an employment agreement in February 2012 and the agreement was terminated on December 31, 2012. The arbitrator found that neither party was liable for fraud, misrepresentation, or deceit and that NanoSmart did not engage in unlawful, unfair, or fraudulent business acts or practices. As to Glidden's breach of contract claim and claims for violations of the Labor Code, the arbitrator found NanoSmart owed Glidden: (1) $61,024 for lost wages; (2) a bonus constituting 28,000 shares of NanoSmart common

---

[1] Kanekal had been previously dismissed from the action with prejudice by Glidden.

5

stock, which the arbitrator valued in the amount of $84,000 as of the date of the termination of Glidden's employment; (3) reimbursement for a hospital bill in the amount of $2,814.77; (4) $9,231 for vacation pay; and (5) $20,000 in penalties. The arbitrator denied Glidden's claims for the recovery of an annual bonus and severance pay, and rejected his claim that NanoSmart violated the implied covenant of good faith and fair dealing.

The arbitrator also found in favor of Glidden and against NanoSmart on all of NanoSmart's counterclaims. The arbitrator awarded Glidden a total amount of $195,513.77, plus interest, for damages, $23,000 for costs, and $210,000 for attorney fees. The arbitrator held that AAA's administrative fees and expenses, totaling $12,200, and the compensation and expenses of the arbitrator, totaling $33,525, would be borne by NanoSmart.

On February 3, 2014, Glidden filed the petition to confirm and enter judgment upon it in this action. The petition to confirm was verified.

IV.

NANOSMART SUBMITS A PURPORTED REQUEST TO MODIFY THE ARBITRATION AWARD TO THE AAA, FILES AN OPPOSITION TO THE PETITION TO CONFIRM, AND AFTER THE ARBITRATOR REJECTS THE MODIFICATION REQUEST, INITIATES A NEW CASE IN THE TRIAL COURT BY FILING A PETITION TO VACATE THE ARBITRATION AWARD.

On February 10, 2014, NanoSmart submitted to the AAA a request to modify the arbitration award. On February 18, NanoSmart filed an opposition to the petition to confirm based on the grounds that (1) the petition to confirm was premature under sections 1288.4 and 1288.8 because at the time of NanoSmart's opposition, a request to the AAA to modify the award was pending; (2) NanoSmart "reserves its right to further challenge the arbitration award" following the arbitrator's ruling on the request to modify the award and NanoSmart has 100 days from the date of the ruling to do so; and (3) the petition to confirm filed in this case was "procedurally" improper because this

6

action was complete "through the court's ruling on petitioner's previous petition for an injunction." (Capitalization, boldface, & underscoring omitted.)

On March 18, 2014, the arbitrator denied NanoSmart's request to modify the arbitration award because it did not constitute a request to modify the award, stating: "[R]espondent's request to modify the arbitration award was not one to correct any clerical, typographical, technical, or computational errors in the award. Accordingly, respondent's request is denied."

On March 21, 2014, NanoSmart initiated a new case in the trial court, the 2014 action, in which it filed a verified petition to vacate the arbitration award. Our record does not show that NanoSmart filed a notice of related cases as required by rule 3.300 of the California Rules of Court.[2]

V.

THE TRIAL COURT GRANTS THE PETITION TO CONFIRM.

On March 24, 2014, the petition to confirm came on for hearing. At the hearing, NanoSmart's counsel acknowledged that the arbitrator had denied NanoSmart's request for a modification of the award, and stated: "We plan to challenge it going forward. And so I just want to point out the validity of the request is not in front of Your

---

[2]  Rule 3.330(b) of the California Rules of Court states: "Whenever a party in a civil action knows or learns that the action or proceeding is related to another action or proceeding pending, dismissed, or disposed of by judgment in any state or federal court in California, the party must serve and file a Notice of Related Case." Rule 3.330(a) states: "A pending civil case is related to another pending civil case, or to a civil case that was dismissed with or without prejudice, or to a civil case that was disposed of by judgment, if the cases:  [¶] (1) Involve the same parties and are based on the same or similar claims; [¶] (2) Arise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact; [¶] (3) Involve claims against, title to, possession of, or damages to the same property; or [¶] (4) Are likely for other reasons to require substantial duplication of judicial resources if heard by different judges."

Honor." NanoSmart's counsel argued that the date of service of the arbitration award, for the purpose of calculating timeframes for filing petitions to confirm, correct, or vacate, had changed to the date on which the arbitrator denied its request to modify the award. NanoSmart's counsel further argued: "And from that date, we determine when subsequent petitions may be filed. [¶] So in this case, Your Honor, the denial order was issued on March 18, 2014. This was only six days ago. So we are still premature in filing a petition to confirm. The earliest date we could file and serve a petition to confirm would be March 28th." Referencing the petition to vacate the arbitration award that NanoSmart had recently filed in the 2014 action, NanoSmart's counsel stated: "[I]n an effort to actually follow the procedural time lines, petitioner NanoSmart waited to file its petition to vacate the award. This was just filed on Friday. And we planned to timely serve it, utilizing the ten-day rule, waiting until March 28th to complete our filing and service of our petition."

At no time during the hearing, did NanoSmart ask that the hearing on the petition to confirm be continued to enable it to seek leave to file a late petition to modify or vacate the award on any grounds, under section 473 or otherwise. At no time did NanoSmart assert substantive challenges to the arbitration award in this action or seek the opportunity to supplement its opposition to the petition to confirm. At the end of the March 24 hearing, the court granted the petition to confirm.


VI.

NANOSMART FILED A NOTICED MOTION TO VACATE THE ARBITRATION
AWARD IN THE 2014 ACTION AND FILED A NOTICE OF APPEAL FROM THE
ORDER CONFIRMING THE ARBITRATION AWARD IN THIS ACTION.

On May 1, 2014, NanoSmart filed a noticed motion to vacate the arbitration award in the 2014 action. In its motion, NanoSmart argued, inter alia, the arbitrator exceeded his powers by arbitrarily remaking the parties' contract in certain respects, by

refusing to postpone the hearing upon sufficient cause being shown, by awarding stock value unsupported by law or contract, and by awarding Glidden the amount of a hospital bill. NanoSmart also argued that the arbitrator lacked due diligence and competence.

On May 20, 2014, NanoSmart filed a notice of appeal from the trial court's March 24, 2014 order confirming the arbitration award.[3]

VII.

THE TRIAL COURT STAYS THE 2014 ACTION, PENDING
RESOLUTION OF THE APPEAL IN THIS ACTION.

On June 2, 2014, in the 2014 action, the trial court entertained Glidden's ex parte application seeking relief from his obligation to respond to NanoSmart's petition to vacate the arbitration award. Glidden cited "[j]urisdictional [d]efects," given the order confirming the same arbitration award in the instant case. The court granted the ex parte application and stayed the proceedings in the 2014 action, pending the resolution of NanoSmart's appeal in the instant case.

The trial court explained its ruling as follows: "Nov '13 arbitration before Wenke [(the arbitrator)]; 1/21/14 Wenke issues decision; 2/3/14 Glidden filed petition to confirm (652467); 2/10 Nano filed request for modification with Wenke; 2/18 Nano filed opposition to petition to confirm; 3/19 Wenke denies request for modification; 3/21 Nano files petition to vacate (712127; this case) but did not file notice of related case and did not seek to continue hearing on petition to confirm in 652467; 3/24 court grants petition to confirm and judgment is entered; 5/13 Glidden files this motion; Nano appeals 652467 ruling confirming arbitration; court has no jurisdiction to consider petition to vacate (712127) after it grants petition to confirm and enters judgment (652467)—there can only

---

[3] As discussed *post*, in June 2014, the trial court entered judgment, in accordance with its order granting the petition to confirm, which NanoSmart states was to be effective March 24, 2014, nunc pro tunc.

9

be one judgment from arbitration proceeding (CCP 1286; petition to vacate was timely in the s[e]n[s]e it was filed with[in] 100 days of order denying modification of award but not in the sense it was not heard before judgment confirming the award was entered; perfecting of appeal stays proceedings 'embraced in' or [']affected by' the issue on appeal (CCP 916(a)), and a decision on petition to vacate would impact the overall effectiveness of the appeal (*Varian Med*[*ical*] *Syst*[*em*]*s*[*, Inc. v. Delfino* (2005)] 35 C[al.]4[th ]180, 189)."

## VIII.

### THE TRIAL COURT IN THIS ACTION SIGNS AN AMENDED ORDER CONFIRMING THE ARBITRATION AWARD AND ENTERS JUDGMENT ACCORDINGLY, EFFECTIVE MARCH 24, 2014, NUNC PRO TUNC; THIS COURT DENIES NANOSMART'S PETITION FOR WRIT OF SUPERSEDEAS.

On June 2, 2014, the trial court signed an amended order confirming the arbitration award and entered judgment awarding Glidden $433,651.27 together with interest at the rate of 10 percent.  NanoSmart asserts the judgment, dated June 2, 2014, was ordered effective March 24, 2014.

In June 2014, NanoSmart filed a petition for a writ of supersedeas and request for immediate temporary stay of enforcement of the judgment in this case.  On July 3, 2014, this court summarily denied the petition and request for an immediate temporary stay.

### MOTION TO STRIKE AND JUDICIAL NOTICE

Glidden filed a motion to strike a significant portion of the appellant's appendix (specifically, appellant's appendix tabs 1 through 7, 9 through 12, 18 through 32, 36, 38, and 39, and pages 16 through 24 of tab 8), on the ground "these documents were never lodged, filed, or considered by the Trial Court" in this case.  Glidden has moved to strike appellant's appendix tab 39 on the additional ground it "appears to

10

[contain] ***altered*** copies of exhibits from the underlying arbitration." Many of the documents that are the subject of Glidden's motion to strike were those filed in the 2014 action.

Pursuant to rule 8.124 of the California Rules of Court, we grant Glidden's motion to strike in its entirety. NanoSmart has failed to show that any of the subject documents was part of the trial court record in this case.

In NanoSmart's opposition to the motion to strike, it argues that this court should take judicial notice of appellant's appendix tabs 1 through 7 and 9 through 12 because they are "judicially noticeable" as "each and every exhibit is a record of the Court." Those documents were filed in the 2014 action, not in this case. NanoSmart's request does not comply with rule 8.252(a)(1) of the California Rules of Court, which states: "To obtain judicial notice by a reviewing court under Evidence Code section 459, a party must serve and file a separate motion with a proposed order."

Pursuant to Evidence Code sections 459, subdivision (a) and 452, subdivision (d), on our own motion, we take judicial notice of appellant's appendix tabs 1 through 7 and 9 through 12, for the purpose of providing additional procedural background in the resolution of the issues presented in this appeal.

DISCUSSION

NanoSmart argues the judgment entered after the trial court granted the petition to confirm should be vacated because (1) the petition to confirm was "prematurely granted, which greatly prejudiced NanoSmart, preventing it from having a Petition/Motion to Vacate heard"; (2) the petition to confirm was filed in the wrong court; and (3) "the resulting judgment is based on an award that is replete with misapplications of law, including irrational findings as to provisions of the contract, improper application of procedural rules, baseless findings of bad faith, and an irrational award of attorney's fees, to name a few examples."

11

For the reasons we will explain, the petition to confirm was not prematurely granted. Even if we were to assume it had been granted prematurely, NanoSmart has failed to show it suffered any prejudice as a result. NanoSmart's opposition to the petition to confirm did not include any request to correct, modify, or vacate the award. At no time in this action, did NanoSmart request a continuance on the hearing or decision of the petition to confirm, or otherwise request the opportunity to file a petition to correct, modify, or vacate the award, before judgment was entered, nunc pro tunc, effective March 24, 2014, and NanoSmart filed its appeal from that judgment.

In our resolution of this appeal, we only address the arguments that NanoSmart raised in opposition to the petition to confirm. As the substantive challenges to the award presented in NanoSmart's appellate briefs (and asserted in the 2014 action) were not before the trial court in this action, much less decided by any trial court, they are not before this court in this appeal. We therefore do not address them.

I.

THE PETITION TO CONFIRM WAS NEITHER PREMATURELY FILED BY
GLIDDEN NOR PREMATURELY GRANTED BY THE TRIAL COURT, AND
WAS NOT FILED IN THE WRONG COURT.

A party may petition a trial court to confirm, correct, or vacate an arbitration award. (§ 1285.) A party may also seek to have the award corrected or vacated by filing an opposition to a petition to confirm an arbitration award. (§ 1285.2.) A petition to confirm an arbitration award must be filed within four years of the date the petitioner was served a signed copy of the arbitration award (§ 1288), but no petition, of any kind—whether to confirm, correct, or vacate an award—may be served and filed until at least 10 days after service of the signed copy of the award upon the petitioner (§ 1288.4). A petition to vacate or correct an arbitration award must be filed within 100 days of the petitioner being served with a signed copy of the arbitration award. (§ 1288.) An opposition requesting an award be vacated or corrected must be served and

12

filed within 100 days of the respondent being served with a signed copy of the arbitration award.  (§ 1288.2, subd. (a).)

The filing of a petition to confirm an arbitration award, however, changes the statutory timeline.  "When one side files a petition to confirm the award, the other side must respond within 10 days"—even if the opposition seeks to vacate or confirm the award.  (*Oaktree Capital Management, L.P. v. Bernard* (2010) 182 Cal.App.4th 60, 66; see § 1290.6.)  Therefore, "'[w]hen [a] party petitions the court to confirm the award . . . , [the opposing party] may seek vacation . . . of the award by way of response only if he serves and files his response within 10 days after the service of the petition [citation].  Unless the response is duly served and filed, under section 1290 the allegations of the petition are deemed to be admitted by [the other side].'"  (*Oaktree Capital Management, L.P. v. Bernard*, *supra*, at p. 64, fn. omitted.)  "[T]he proper interpretation of section 1288.2 is that the 100-day limit applies only when the other party to the arbitration does not file a petition to confirm the award.  When such petition is filed a response must be filed within the time limit set forth in section 1290.6."  (*Coordinated Construction, Inc. v. Canoga Big "A," Inc.* (1965) 238 Cal.App.2d 313, 317.)

Here, the arbitration award was served by e-mail on January 22, 2014. Rule R-45 of the governing AAA's Commercial Arbitration Rules and Mediation Procedures, which NanoSmart asserts the parties' contractually agreed would govern the resolution of the parties' dispute, provided that electronic service was acceptable.  (See § 1283.6 ["The neutral arbitrator shall serve a signed copy of the award on each party to the arbitration personally or by registered or certified mail or as provided in the agreement."].)[4]  NanoSmart does not challenge the manner or date of service of the arbitration award.

_____

[4]  Rule R-45 of the AAA's Commercial Arbitration Rules and Mediation Procedures (eff. June 1, 2009), available at <https://www.adr.org/aaa/faces/rules/searchrules> (as of June 25, 2015), provided:  "Parties shall accept as notice and delivery of the award the

13

On February 3, 2014, 12 days later, and thus more than 10 days after service of a copy of the arbitration award, Glidden filed the petition to confirm. NanoSmart argues the petition to confirm is invalid because Glidden's proof of service shows that it was served on NanoSmart by overnight mail on January 31, 2014—only 9 days after a copy of the award was served. Section 1288.4 provides that "[n]o petition may be served *and filed* under this chapter until at least 10 days after service of the signed copy of the award upon the petitioner." (Italics added.) Although the petition to confirm might have been served on NanoSmart a day early, it was not filed until February 3, 2014. NanoSmart does not address how being served early in any way prejudiced it.

On February 18, 2014, NanoSmart filed an "Opposition to Petitioner's Motion to Confirm Arbitration Award." NanoSmart's opposition was untimely as it was not filed within the 10-day response period required by section 1290.6. Consequently, "[t]he allegations of a petition are deemed to be admitted by [the] respondent duly served therewith." (§ 1290; see *Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 846-847.)

Although section 1290.6 provides that the deadline to respond to a petition to confirm an arbitration award "may be extended . . . for good cause, by order of the court," NanoSmart never requested any extension of time to respond to the petition to confirm, or otherwise, in this action. Notwithstanding NanoSmart's failure to timely respond, the trial court did not strike NanoSmart's opposition to the petition to confirm and entertained the arguments contained in it. (See *Ruiz v. Moss Bros. Auto Group, Inc.*, *supra*, 232 Cal.App.4th at p. 847 ["Courts have long acknowledged that the trial court

placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law." Citations to the Commercial Arbitration Rules and Mediation Procedures rules in this opinion refer to the rule numbers in effect at the relevant times, not to the current rule numbers.

may consider untimely filed and served response papers, when no prejudice to the petitioner is shown, without an order extending the 10-day time period of section 1290.6."].)

In NanoSmart's four-page opposition to the petition to confirm, NanoSmart did not request that the arbitration award be corrected or vacated. In fact, NanoSmart never offered any substantive challenges to the arbitration award to the trial court in this action. Instead, NanoSmart argued (1) the petition to confirm was premature, not only because it was served on NanoSmart one day earlier than permitted by section 1288.4 (which, for the reasons discussed *ante*, was without consequence), but also because NanoSmart had submitted to the AAA a request for modification of the award, pursuant to rule R-46 of the applicable AAA's Commercial Arbitration Rules and Mediation Procedures; (2) the petition to confirm was improperly filed "under the same case number [Glidden] utilized for his petition for an injunction action *and* motion to compel arbitration"; and (3) NanoSmart "reserves its right to further challenge the arbitration award . . . if the AAA does not grant all or part of NanoSmart's pending request to modify," pursuant to sections 1286.6 and 1286.8. We address each of these arguments in turn, and conclude none has merit.

First, NanoSmart argued that the trial court erred by granting the petition to confirm because on February 10, 2014, NanoSmart had submitted a request to modify the arbitration award to the AAA. In its opening brief, NanoSmart argues, "[p]er *California Code of Civil Procedure* § 1288.8, the award's service date ceased to be January 22, 2014 effectively extinguishing any start to the timeline under *California Code of* [C]*ivil Procedure* § 1288.4 that would allow Glidden to file a motion to Confirm no earlier than 10 days after the date of the award's service." Section 1288.8 provides: "If an application is made to the arbitrators for correction of the award, the date of service of the award for the purposes of this article shall be deemed to be whichever of the following dates is the earlier: [¶] (a) The date of service upon the petitioner of a signed copy of the

15

correction of the award or of the denial of the application. [¶] (b) The date that such application is deemed to be denied under Section 1284." NanoSmart's argument, therefore, is that because it filed a modification request with the AAA, the "date of service" of the arbitration award for purposes of calculating deadlines for seeking confirmation of, modification to, or vacation of the arbitration award in the trial court changed to whatever date the arbitrator ruled on the modification request or the date the request was deemed denied.

NanoSmart's purported request to modify the arbitration award was not timely under section 1284 because it was submitted on February 10, more than 10 days after service of a signed copy of the arbitration award. Section 1284 provides in part: "The arbitrators, upon written application of a party to the arbitration, may correct the award upon any of the grounds set forth in subdivisions (a) and (c) of Section 1286.6 not later than 30 days after service of a signed copy of the award on the applicant. [¶] *Application for such correction shall be made not later than 10 days after service of a signed copy of the award on the applicant*." (Italics added.)

NanoSmart argues the parties contractually agreed to a longer timeframe for seeking correction of the arbitration award by agreeing to rule R-46 of the AAA's Commercial Arbitration Rules and Mediation Procedures, *supra*, <https://www.adr.org/ aaa/faces/rules/searchrules> (as of June 25, 2015), which provided in part: "*Within 20 days after the transmittal of an award*, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided." (Italics added.) Hence, NanoSmart argues, its request under rule R-46 served to reset the clock on challenging the arbitration award, pursuant to section 1288.8.

The problem with NanoSmart's argument is that by the time of the March 24, 2014 hearing on the petition to confirm, the arbitrator had resolved

16

NanoSmart's request to modify the award. He did so, not by deciding the request on its merits, but by concluding it did not constitute a request to modify the award. In the March 18, 2014 ruling, the arbitrator stated: "The arbitrator finds that respondent's request to modify the arbitration award was not one to correct any clerical, typographical, technical, or computational errors in the award. Accordingly, respondent's request is denied." If NanoSmart's request to modify did not seek to correct "any clerical, typographical, or computational errors," rule R-46 of the AAA's Commercial Arbitration Rules and Mediation Procedures, *supra*, <https://www.adr.org/aaa/faces/rules/searchrules> (as of June 25, 2015), did not apply, and section 1288.8 was therefore never triggered to reset the date of service of the arbitration award.

NanoSmart did not argue in the trial court that the arbitrator wrongly concluded NanoSmart's request failed to constitute a request to modify or correct the arbitration award within the meaning of rule R-46 of the AAA's Commercial Arbitration Rules and Mediation Procedures, *supra*, <https://www.adr.org/aaa/faces/rules/searchrules> (as of June 25, 2015). NanoSmart never requested that the trial court make any corrections to the award. (See § 1286.8, subd. (a) ["The court may not correct an award unless: [¶] (a) A petition or response requesting that the award be corrected has been duly served and filed . . . ."].) Our record does not show the trial court in this action, before ruling on the petition to confirm, ever saw the request to modify the arbitration award that NanoSmart submitted to the AAA. At the hearing on the petition to confirm, NanoSmart's counsel stated: "[T]he validity of the request to modify is not in front of Your Honor. Now, the arbitrator has, of course, made a ruling on the request to modify. Of course, petitioner NanoSmart does not agree, does not simply fall to this decision or agree to it. We plan to challenge it going forward. And so I just want to point out the validity of the request is not in front of Your Honor."[5]

---

[5] At oral argument on appeal, NanoSmart's counsel argued that NanoSmart's request to modify the arbitration award that it submitted to the AAA was indeed a request to correct

17

Even if we were to assume NanoSmart timely filed a proper request to modify the arbitration award to correct any clerical, typographical, or computational errors in the award, which was denied by the arbitrator on March 18, 2014, the trial court's decision to grant the petition to confirm six days later did not prejudice NanoSmart. At no time did NanoSmart request a continuance of the hearing on the petition to confirm in order for it to file a petition to correct or vacate the arbitration award in this action. At no time has NanoSmart sought relief of any kind in the trial court in this action, based on section 473, or otherwise.

clerical, typographical, or computational errors in the award, within the meaning of rule R-46 of the AAA's Commercial Arbitration Rules and Mediation Procedures, *supra*, <https://www.adr.org/aaa/faces/rules/searchrules> (as of June 25, 2015), which consequently reset the clock on challenging the award in the trial court under section 1288.8. Counsel argued the arbitrator erred by concluding the request did not constitute such a request within the meaning of rule R-46. As discussed *ante*, although NanoSmart expressed its disagreement with the arbitrator's ruling, it did not ask the trial court to review it in this case; to the contrary, NanoSmart repeatedly informed the court that the arbitrator's ruling was not before it. NanoSmart's request to modify was not filed in the trial court in this case. It was filed in the 2014 action, and, as discussed *ante*, we have taken judicial notice of documents from the 2014 action, which include a copy of NanoSmart's request to modify that it submitted to the AAA.

We conclude that even if the trial court had reviewed the request to modify, it would have determined the arbitrator was correct in ruling that the request did not constitute a request to correct clerical, typographical, or computational errors in the arbitration award, within the meaning of rule R-46 of the AAA's Commercial Arbitration Rules and Mediation Procedures, *supra*, <https://www.adr.org/aaa/faces/rules/searchrules> (as of June 25, 2015). Although styled as a request for modification of "clerical errors" (not computational errors) contained in the arbitration award, the request constituted NanoSmart's attempt to reargue that NanoSmart (1) did not owe Glidden 10 vacation days; (2) owed Glidden vacation pay, if at all, at a lower daily rate; (3) did not owe Glidden the value of bonus stock because Glidden prevented issuance of the shares, and even if NanoSmart did owe him the value of such stock, the arbitrator should have accepted NanoSmart's evidence regarding a lower value of the shares of stock; (4) never promised to pay Glidden's hospital bill and should not be required to pay it; and (5) was entitled to a detailed calculation of the awarded costs, expenses, and attorney fees. Consequently, NanoSmart has failed to establish that the arbitrator's denial of its request changed the timeline for challenging the arbitration award in this action under section 1288.8.

Finally, NanoSmart argues the petition to confirm is essentially void because Glidden filed the petition in the same superior court case in which prior petitions had been filed before the arbitration. Without citing authority, NanoSmart argues Glidden was required to initiate a new action in the trial court to file the petition to confirm. We disagree. Section 1292.6 provides: "After a petition has been filed under this title,[6] the court in which such petition was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding." On November 12, 2013, Glidden filed a motion to compel arbitration as to the individual defendants, which would qualify as a petition brought under section 1281.2, which is within title 9 of part 3 of the Code of Civil Procedure—thus within the same title as section 1292.6. Glidden therefore properly filed the petition to confirm in this case, *Glidden v. NanoSmart Pharmaceuticals, Inc.*, Orange County Superior Court, case No. 30-2013-00652467.

## II.

WE DO NOT ADDRESS NANOSMART'S SUBSTANTIVE CHALLENGES TO THE ARBITRATION AWARD BECAUSE THEY WERE NEVER PRESENTED TO THE TRIAL COURT IN THIS CASE.

Much of the argument contained in NanoSmart's appellate briefs is devoted to challenging the arbitration award. NanoSmart, argues, inter alia, that the arbitrator (1) arbitrarily remade the parties' contract in several respects; (2) improperly awarded Glidden "full attorney's fees . . . without regard to improperly forcing Individual Respondents to participate in litigation as parties"; (3) refused to postpone the arbitration hearing; (4) violated the California Rules of Court, Ethics Standards for Neutral

---

[6] Section 1292.6 is in title 9 of part 3 of the Code of Civil Procedure, spanning sections 1280 through 1294.2.

Arbitrators in Contractual Arbitration; and (5) was inattentive during proceedings. None of these arguments was presented in this action to the trial court in response to the petition to confirm. Therefore, they were never considered by the trial court before the petition to confirm was granted. NanoSmart had the full opportunity to present its arguments in response to the petition to confirm, and should have, but did not. (§ 1285.2.)

We therefore do not decide NanoSmart's substantive challenges to the arbitration award because they are not before us. We do not express any opinion on the viability of the 2014 action, or the res judicata or collateral estoppel effect our opinion has on that case.

## DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.

FYBEL, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

20