Filed 8/28/23  Duarte v. Del Toro Loan Servicing CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| EDITH DUARTE, | B316756 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV45169) |
| v. | |
| DEL TORO LOAN SERVICING, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael L. Stern, Judge.  Affirmed.

Edith Duarte, in propria persona, for Plaintiff and Appellant.

Harris L. Cohen; Law Offices of Elkanah J. Burns, and Elkanah J. Burns for Defendants and Respondents.

_____

Edith Duarte appeals from a judgment confirming an arbitration award in favor of Milestone Financial, LLC (Milestone) and Mortgage Lender Services, Inc. (collectively Respondents), contending the arbitrator exceeded his powers. Respondents contend that because Duarte failed either to move to vacate the award or to oppose their motion to confirm it, she may not challenge the award for the first time on appeal.

We agree with Respondents, and therefore affirm.

## BACKGROUND

Duarte borrowed money from Milestone, secured by a deed of trust. The loan agreement contained an arbitration agreement with provisions to hold any arbitration in Santa Clara, split costs equally, and award liquidated damages if either party filed a complaint in the superior court rather than a demand for arbitration.

When Duarte failed to repay the funds, Mortgage Lender Services, the trust's foreclosure trustee, moved to foreclose on the property held in trust.

To stop the foreclosure, Duarte filed for chapter 13 bankruptcy protection on January 15, 2019, and transferred an interest in the property to Walter Duarte, who also filed for bankruptcy. Milestone obtained relief from the automatic stays in both bankruptcy proceedings.

On December 17, 2019, Duarte sued Respondents to stop foreclosure, asserting causes of action for negligence, slander of credit, cancellation of instruments, violation of Civil Code sections 2923.5 and 1671, and violation of Business and Professions Code section 17200.

Respondents moved to compel arbitration. The trial court severed certain causes of action, ordered that the remaining

causes be arbitrated, and changed the venue for arbitration to Los Angeles, where Duarte resided, despite the parties' agreement providing that arbitration would occur in Santa Clara. The court also required that Respondents pay all arbitration costs, despite the arbitration agreement's provision that each side would split costs equally, and abrogated the arbitration agreement's liquidated damage provision applicable if either party filed a complaint rather than a demand for arbitration.

Duarte filed a demand for arbitration through her counsel, Peter Nisson, and the parties agreed upon Hiro N. Aragaki as the arbitrator.

The arbitrator issued orders (1) providing for 180 days of any such discovery as could be conducted in an unlimited civil action, (2) requiring that the parties exchange certain information, and (3) prohibiting ex parte communications. On March 29, 2021, Respondent requested leave to move for summary disposition, which Duarte did not oppose.

At one point in the proceedings Nisson, Duarte's counsel, stated he intended to withdraw as counsel. He ultimately never did so, but he failed to respond to several of Respondents' communications and motions.

Respondents filed a motion for summary disposition, which Duarte, through Nisson, opposed.

On June 24, 2021, the arbitrator issued an interim award on the filings, granting summary disposition in favor of Respondents. The arbitrator gave Duarte additional time to identify any new issues for resolution and to establish good cause as to why they were not raised earlier, but Duarte failed to identify any new issues.

 On August 17, 2021, the arbitrator issued a final award.

Respondents petitioned the Los Angeles Superior Court to confirm the award. Duarte neither opposed Respondents' petition nor sought separately to vacate the award.

The trial court confirmed the arbitration award and entered judgment in favor of Respondents.

Duarte filed a notice of appeal on November 10, 2021.

## DISCUSSION

Duarte contends the arbitrator exceeded his powers by (1) granting Respondents' motion for summary disposition on the filings without conducting an oral hearing, (2) failing to disclose to her that her attorney planned to withdraw from the case, and (3) failing to disclose that the attorney lacked sufficient interest in the case to adequately prosecute her claims.

Respondents contend Duarte cannot challenge the arbitration award on appeal because she failed either to move to have it vacated or to oppose Respondents' petition to have it confirmed. We agree with Respondents.

We independently review a claim that an arbitrator exceeded his authority. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9.)

The California Arbitration Act (Act) (Code Civ. Proc., § 1280 et seq.)[1] is " 'a comprehensive statutory scheme regulating private arbitration in this state.' " (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 380.) A proceeding begins with the filing of a petition, and any person named as a respondent in that petition may file a response. (§ 1290.)

---

[1] All undesignated statutory references will be to the Code of Civil Procedure.

4

The Act sets out procedures governing judicial proceedings related to arbitration, including postarbitration disputes to settle the status of an arbitral award.  (See Code Civ. Proc., pt. 3, tit. 9, ch. 5 ["General Provisions Relating to Judicial Proceedings"].)  With respect to judicial proceedings, the Act sets out deadlines by which parties seeking to confirm or vacate an arbitral award must file those requests with the court.  (See Code Civ. Proc., pt. 3, tit. 9, ch. 4 ["Enforcement of the Award"].)  A party seeking to confirm the arbitral award may file a petition within four years of the service of the final award.  (§ 1288.)

A party seeking to vacate the arbitral award, however, has much less time.  A request to vacate may be made either in a petition to vacate (§ 1285) or in a response to a petition to confirm the award (§ 1285.2).  A petition to vacate an award must be served and filed not later than 100 days after service of the award on the petitioner.  (§ 1288.)  A request to vacate made in response to a petition to confirm must be made within 10 days after service of the petition unless that time is "extended by an agreement in writing between the parties to the court proceeding or, for good cause, by order of the court."  (§ 1290.6; see also *Law Finance Group, LLC v. Key* (June 26, 2023, S270798) 14 Cal.5th ___ [2023 Cal. Lexis 3531 [p. 17]] (*Law Finance Group*) ["a party may not get the full benefit of the 100-day deadline for filing a response seeking vacatur if section 1290.6 dictates a shorter timeline"]; *Coordinated Constr., Inc. v. Canoga Big "A", Inc.* (1965) 238 Cal.App.2d 313, 317.)  If no response to a petition is filed, the allegations of the petition are "deemed to be admitted." (§ 1290.)

Generally, "issues not raised in the trial court cannot be raised for the first time on appeal."  (*Johnson v. Greenelsh* (2009)

47 Cal.4th 598, 603 [claim that arbitration demand violated a contractual no contest clause could not be raised for the first time on appeal].) The general rule "is rooted in the notion that it is unfair to the trial judge and the adverse party to take advantage of an alleged error on appeal where it could have easily been corrected in the trial court." (*Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1326-1327.)

As pertinent here, a party who fails to request before the trial court that an arbitration award be vacated, either by separate petition or in response to a petition to confirm the award, may not challenge the award for the first time on appeal. (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 920, fn. 3 [claim that arbitrator committed legal error forfeited "for failing to raise it in the trial court"]; *Gordon v. G.R.O.U.P.* (1996) 49 Cal.App.4th 998, 1010 ["Statutory grounds for correction of an arbitrator's award cannot be asserted for the first time on appeal from the judgment confirming the award"]; see *Law Finance Group*, *supra*, 14 Cal.5th __ [2023 Cal. Lexis 3531 [p. 14]] ["if the losing party wishes to attack the award, the statutes make clear that such a challenge must be made promptly to promote the timely final resolution of the matters submitted to arbitration"].)

"A party who has missed the Act's carefully crafted deadlines has sacrificed its right to seek to vacate or correct the arbitration award before the trial court; were *we* permitted to consider the arguments in support of vacating or correcting the award on appeal, we would empower parties to resurrect that right by the simple expedient of appealing from the judgment confirming the award." (*Darby v. Sisyphian, LLC* (2023) 87 Cal.App.5th 1100, 1114.)

Here, Duarte had 100 days from service of the final award to file a petition requesting that the award be vacated. When Respondents petitioned to confirm the award, she had 10 days to respond and request that the award be vacated. She did neither. Because she filed no response to Respondents' petition, the allegations of the petition are deemed to be admitted.

Duarte cannot avoid the consequences of failing to act by resurrecting her right to vacatur in an appeal from the judgment confirming the award.

## DISPOSITION

The judgment is affirmed. Respondents are to recover costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

7